IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MARCUS QUADALE GRASTY,**

    **Plaintiff,**

**v.**                                                                                  **CIVIL ACTION NO.:** 2:13-24115

**WEST VIRGINIA DEPARTMENT OF
STATE POLICE, CITY OF OAK HILL,
CITY OF OAK HILL POLICE
DEPARTMENT, CPL C. A. YOUNG, in his
individual and official capacity as an Oak
Hill Police Officer, OFFICER JARVIS, in his
individual and official capacity as a West Virginia
State Trooper, and TROOPER ADKINS, in his
individual and official capacity as a West Virginia
State Trooper, and JOHN DOES,**

    **Defendants.**

## COMPLAINT

    COMES NOW the Plaintiff, Marcus Quadale Grasty, by Counsel, Kyle G. Lusk, and for his Complaint against the Defendants, states as follows:

    This Complaint, brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and West Virginia common law, arises out of, among other things, Defendants' violations of Plaintiff's Constitutional rights, and Defendants' Negligent / Reckless Infliction of Emotional Distress, Negligent Supervision / Training, Negligence, Tort of Outrage, Racial Discrimination, and Constitutional Tort, as more specifically set forth herein below:

    1.    That the Plaintiff, Marcus Quadale Grasty, is a resident of Fayette County, West Virginia, and at all times relevant to this matter was a resident of Fayette County,

West Virginia.

2. That the Defendant, the West Virginia Department of State Police, is a division of the Department of Public Safety, a West Virginia State Agency.

3. That the Defendant, City of Oak Hill, is an incorporated municipality within the State of West Virginia, located in Fayette County, West Virginia.

4. That the Defendant, City of Oak Hill Police Department, is an agency and department of the City of Oak Hill, located in Fayette County, West Virginia.

5. That the Defendant, Cpl C. A. Young, is an officer with the Defendant City of Oak Hill Police Department,, and at all times relevant to this Complaint was acting under the color of law and in his official capacity as a law enforcement officer and agent of the City of Oak Hill and agent of the City of Oak Hill Police Department.

6. That the Defendant, Officer Jarvis, is an officer with the Defendant West Virginia Department of State Police, and at all times relevant to this Complaint was acting under the color of law and in his official capacity as a law enforcement officer and agent of the West Virginia Department of State Police.

7. That the Defendant, Trooper Adkins, is an officer with the Defendant West Virginia Department of State Police, and at all times relevant to this Complaint was acting under the color of law and in his official capacity as a law enforcement officer and agent of the West Virginia Department of State Police.

8. That the Defendant John Does, are officers with the City of Oak Hill Police Department and/or West Virginia Department of State Police, and at all times relevant to this Complaint were acting under color of law and in their official capacity as law enforcement officers and agent of the City of Oak Hill Police

Department and /or West Virginia Department of State Police.

9. That on or about the 4th day of October, 2011, the Defendant officers were acting within the scope of their employment and under color of state law when they violated Plaintiff Marcus Grasty's constitutional rights; went into Mr. Grasty's residence and destroyed several of Mr. Grasty's personal belongings and discriminated against the Plaintiff due to Plaintiff's race.

10. That this action is also brought against the City of Oak Hill and the City of Oak Hill Police Department and West Virginia Department of State Police, among other things, its failure to properly train and supervise its Defendant officers in the proper establishment of policies, practices, procedures and customs concerning, among other things, investigations of its officers, treatment of citizens, search and seizure, and due process rights.

11. That he actions of the Defendants, as more specifically set forth hereinbelow, constitute a willful, knowing violation and deprivation of Plaintiff's rights secured by the Constitution of the United States in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive, unreasonable and arbitrary police action; the deprivation of liberty without due process of law; the right to be secure against unreasonable search and seizures; and the right to be free of racially motivated activity and racial discrimination by anyone acting under color of state law.

12. That the City of Oak Hill's actions and inactions constitute a willful and knowing violation and depravation of rights secured by the Constitution of the United States in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive,

unreasonable and arbitrary police action; the deprivation of liberty without due process of law and the right to be secure against unreasonable searches and seizures and the right to be free of racially motivated activity and racial discrimination by anyone acting under color of state law.

13. That the City of Oak Hill Police Department and West Virginia Department of State Police's actions and inactions constitute a willful and knowing violation and deprivation of Plaintiff's rights secured by the Constitution of the United States in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive, unreasonable and arbitrary police action; the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and the right to be free of racially motivated and racial discrimination by anyone acting under color of state law.

14. That the actions and inactions of all Defendants herein are in violation of the United States constitutional rights of Plaintiff and justify an award of reasonable attorney fees under 42 U.S.C. § 1988, and, Plaintiff is entitled to recover against Defendant officers, in their official and individual capacity; the City of Oak Hill; and City of Oak Hill Police Department and West Virginia Department of State Police for the harm, damages, and losses proximately caused by the Defendants' conduct as set forth in this Complaint.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the claims asserted herein in accordance with 28 USC 1331 as Plaintiff's claims arise under 42 USC § 1983, along with pendant state law claims.

16. Venue is proper in the U.S. District Court for the Southern District of West Virginia pursuant to 2 USC § 1391(a)(1), because the parties are residents of Fayette County, West Virginia.

## FACTS

17. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. That the Plaintiff, Marcus Grasty, is a twenty-seven (27) year old African American.

19. That on the date of the subject occurrence made the basis of this Complaint, the Plaintiff, Marcus Grasty resided at Apartment 201 of the Plateau Oaks Apartments in Oak Hill, Fayette County, West Virginia.

20. That the Plaintiff, Marcus Grasty, resided at Apartment 201 of the Plateau Oaks Apartments with his three-year-old daughter.

21. That other than the Plaintiff and his daughter, no one else resided with Plaintiff Marcus Grasty.

22. That Plaintiff Marcus Grasty is not a convicted felon and does not have a criminal record.

23. That on or about the 4th day of October, 2011, the Fayette County Sheriff's Department, along with the City of Oak Hill Police Department and West Virginia Department of State Police, executed a search warrant that was obtained for an individual named Maurice Lamar McCain, known as Reese, a suspect of a First-Degree Robbery in the Plateau Oaks Apartments Complex.

24. That to the best of Plaintiff Marcus Grasty's knowledge and belief, the officers

involved in the execution of the search warrant on Plaintiff's residence were Defendant officers Cpl. C. A. Young, Officer Jarvis, and Trooper Adkins.

25. That to the best of Plaintiff Marcus Grasty's knowledge and belief, along with Cpl C.A Young, Officer Jarvis, and Trooper Adkins, there were other officers involved but Plaintiff Marcus Grasty does not have any information as to the identity of such individuals and as such, Plaintiff has listed such individuals as John Doe.

26. That the search warrant the subject of this action, was issued on October 4, 2011 for Plateau Oaks Apartments, Apartment 201, Building 2 Apartment, Oak Hill, Fayette County, West Virginia.

27. That Apartment 201 of the Plateau Oaks Apartment was where Plaintiff Marcus Grasty resided and was not the residence of Maurice Lamar McCain.

28. That Maurice Lamar McCain did not reside at Apartment 201 of Plateau Oaks Apartments.

29. That further, Maurice Lamar McCain did not frequent Plaintiff's residence of Apartment 201 often.

30. That Maurice Lamar McCain, the suspect in which Defendants were searching in the execution of the subject search warrant, frequented several apartments of the Plateau Oaks Apartment complex.

31. That the subject incident in which the subject search warrant was issued in search of Maurice Lamar McCain did not occur at or near Plaintiff Marcus Grasty's apartment of Apartment 201, Building 2 of Plateau Oaks Apartments.

32. That pursuant to Attachment C of the Search Warrant in which the Defendants executed on Plaintiff Marcus Grasty's residence, the incident involving Maurice

    Lamar McCain occurred in Building 3, Apartment 5 of the Plateau Oaks Apartments.

33.  That Building 3, Apartment 5, where the incident involving Maurice McCain, belonged to an individual of the Caucasian race.

34.  That nonetheless, on or about the 4th day of October, 2011, the Defendant officers executed a search warrant on Plaintiff Marcus Grasty's residence, and in executing said warrant, violated Plaintiff Marcus Grasty's constitutional rights and vandalized Plaintiff Marcus Grasty's apartment and caused damages to Plaintiff Marcus Grasty's personal property.

35.  That when the Defendant officers arrived at Plaintiff Marcus Grasty's apartment, the Defendant officers broke and caused damages to Mr. Grasty's door.

36.  That at this time, no one was present at Plaintiff's Marcus Grasty's residence.

37.  That while searching Plaintiff Marcus Grasty's apartment, the Defendant officers, who are the subject of this action, damaged several of Plaintiff Marcus Grasty's personal items including furniture items.

38.  That specifically, with reckless and compete utter disregard for Plaintiff Marcus Grasty's personal property, the Defendant officers damaged Plaintiff's dryer; damaged Mr. Grasty's speakers; ripped Mr. Grasty's photographs; damaged other furniture items; cut the screen of Mr. Grasty's television; and damaged other items in which cannot be replaced and had a sentimental value to Plaintiff Marcus Grasty.

39.  That the Defendant officers further tossed Mr. Grasty's personal property everywhere throughout Plaintiff Marcus Grasty's apartment and left the apartment in complete disarray.

40. That additionally, the Defendant officers, who are the subject of this action, went beyond the mere execution of a search warrant, and threw ketchup all over the walls of Plaintiff Marcus Grasty's apartment.

41. That regarding the damaged inflicted upon Plaintiff's apartment and personal items. the Defendant officers informed Plaintiff Marcus Grasty to "take it as a lesson learned."

42. That the Defendant officers had claimed that "they could tear up things if they wanted."

43. That in damaging Plaintiff Marcus Grasty's apartment and personal property, the Defendant officers did so motivated by and due to Plaintiff Marcus Grasty's African-American race.

44. That the Defendant officers further confiscated various personal items of Plaintiff Marcus Grasty, such as Plaintiff cellular phone.

45. That furthermore, in executing the said search warrant, the Defendant officers were negligent in doing so.

46. That the Defendants in attempting to locate suspect, Maurice McCain, did not check with management of Plateau Oaks Apartments or any reliable source to learn Maurice McCain's whereabouts.

47. That in executing said warrant, the Defendants acted with extreme and utter disregard of Plaintiff Marcus Grasty's personal property and residence and did not act as required by the laws of the State of West Virginia and United States in executing said warrant.

48. That the Defendants were not justified by their actions in their execution of said

warrant in this matter.

49. That as a direct and proximate cause of the City of Oak Hill, City of Oak Hill Police Department, CPL. C. A. Young, Officer Jarvis, Trooper Adkins, John Does, and the City of Oak Hill Police Department, and West Virginia Department of State Police's negligent and wrongful acts, Plaintiff Marcus Grasty received damages, which include, but are not limited to: damages to his apartment and personal belongings; mental anguish; infliction of emotional distress, humiliation; embarrassment; sorrow; right to the enjoyment of liberty as provided for in Article III, Section 1, 6, and 20 of the United States Constitution; and violation of Plaintiff Marcus Grasty's civil and constitutional rights under 42 U.S.C. § 1983.

50. That the Defendants were not justified by their actions.

51. That together these improper actions constitute an extraordinary dereliction of duty.

52. That the Defendants are not immune from liability as there is a policy of insurance purchased by the State Board of Risk and Insurance which policy provides coverage for the claims asserted by the Plaintiff. Furthermore, there is no immunity for acts, which are fraudulent, malicious, or otherwise oppressive which Plaintiff contends these acts were.

53. That moreover, the conduct of the Defendants deprived the Plaintiff of the rights clearly established by Constitutional and statutory law.

## COUNT 1 - VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION AND VIOLATION OF 42 U.S.C. § 1983

54. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 53, inclusive, as if fully set forth herein.

55. That the Defendant officers, Cpl. C. A. Young, Officer Jarvis, Trooper Adkins, and John Does, as set forth hereinabove, acted with reckless and complete utter disregard for Plaintiff Marcus Grasty's personal property and residence when they damaged several of Plaintiff's personal items and residence and did so motivated by and due to Plaintiff Marcus Grasty's African-American race. Defendants actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, humiliation and emotion distress upon him.

56. That the destruction of Plaintiff's personal property items and residence and vandalism to Plaintiff's residence caused by the Defendants was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

57. That the damages in which the Defendants caused to Plaintiff's personal items and residence was so egregious, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourteenth Amendment to due process of law as said acts shock the conscience. Further, the Defendant officers', Cpl. C. A. Young, Officer Jarvis, Trooper Adkins, and John Does', acts as set forth hereinabove, were done while they were acting under color of the authority as a police officer.

58. Defendant Cpl. C.A. Young, Defendant Officer Jarvis, Defendant Trooper Adkins, Defendant John Does, Defendant City of Oak Hill, Defendant City of Oak Hill Police Department and Defendant West Virginia Department of State Police acted jointly in support of each other to achieve Plaintiff's damages.

59. That the Defendant officers, acting under the color of law, statutes, ordinances, regulations, customs and usage and within the scope of their employment without provocation and legal cause, denied and did conspire to deny the Plaintiff the rights, privileges, and immunities, and the equal protection of the laws to which the Plaintiff is entitled under the constitutions of the United States and the State of West Virginia including the right to bodily integrity and the right to be free from unreasonable searches and seizures, in violation of West Virginia Code § 1983.

60. That the Defendants acted recklessly, and with callous disregard of the Plaintiff's rights.

61. That the Defendants engaged in such conduct with the requisite intent to constitute oppression, outrage, malice, conspiracy and conscious disregard, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to discourage such conduct in the future.

62. Plaintiff further alleges that the violations of his constitutional rights were caused by implementation of a custom, policy, or official act of the City of Oak Hill, City of Oak Hill Police Department, and the West Virginia State Police, including, among other things, failing to train its officers in the proper procedure in executing search warrants and permitting the racial discrimination by their officers of its citizens, including the Plaintiff.

63. That as a result of the aforementioned, Plaintiff Marcus Grasty has suffered sorrow, embarrassment, humiliation, mental anguish, damages to his personal property and residence, and has otherwise been damaged, with emotional distress, violation of his rights and is therefore entitled to damages, punitive damages, and attorney fees and

costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**COUNT TWO - NEGLIGENT / RECKLESS INFLICTION OF EMOTIONAL DISTRESS**

64. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 63, inclusive, as if fully set forth herein.

65. That the Defendant Cpl. C.A. Young, Defendant Officer Jarvis, Defendant Trooper Adkins, Defendant John Does, were negligent and/or reckless in their actions toward Plaintiff, as set forth hereinabove, proximately causing Plaintiff to suffer damages to his personal property and residence, and severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity.

66. That the Defendant officers, an employee, officer, and agent of the Defendant City of Oak Hill, City of Oak Hill Police Department, and/or West Virginia Department of State Police, were acting in furtherance of Defendant City of Oak Hill, City of Oak Hill Police Department and Defendant West Virginia Department of State Police, and were within the scope of their employment or within the scope of their apparent authority when they acted in a manner as set forth hereinabove towards Plaintiff.

67. That because the Defendant officers were acting within the scope of their employment of their apparent authority, their conduct is imputable to the Defendants City of Oak Hill, City of Oak Hill Police Department and West Virginia Department of State Police therefore making those Defendants (City of Oak Hill, City of Oak Hill Police Department and West Virginia Department of State Police) liable for Plaintiff's damages as set forth hereinabove under the doctrine of Respondeat

Superior.

### COUNT THREE - NEGLIGENT SUPERVISION / TRAINING

68. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 67, inclusive, as if fully set forth herein.

69. That the Defendant City of Oak Hill, City of Oak Hill Police Department, and West Virginia Department of State Police are required to supervise and train their police department and officers. Defendant officers herein were an officer, agent, and employee of the Defendant City of Oak Hill, City of Oak Hill Police Department and/or West Virginia Department of State Police and under the direct supervision and control of said Defendants.

70. That the Defendant City of Oak Hill, Defendant City of Oak Hill Police Department, and Defendant West Virginia Department of State Police negligently supervised, controlled, monitored, and trained Defendant officers named herein and created an unreasonable risk of harm to Plaintiff, as set forth hereinabove.

71. That as a direct and proximate result of Defendant City of Oak Hill, Defendant City of Oak Hill Police Department and Defendant West Virginia Department of State Police aforementioned negligence, Plaintiff Marcus Grasty has suffered, in addition to other things, property damages to his personal belongings and residence, emotional distress, humiliation, embarrassment, mental distress, and loss of personal dignity.

### COUNT FOUR - NEGLIGENCE

72. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 71, inclusive, as if fully set forth herein.

73. That Defendant Officer Cpl. C. A. Young, Defendant Officer Jarvis, Defendant Trooper Adkins, Defendant John Does, and Defendant City of Oak Hill, City of Oak Hill Police Department and Defendant West Virginia Department of State Police owed a duty to the Plaintiff, Marcus Grasty, to exercise reasonable care in its dealings with him.

74. That the Defendants were negligent in the undertaking of their duties as police officers by committing the complained of acts, as set forth more specifically hereinabove.

75. That as a direct and proximate result of the Defendants' negligence, as set forth more specifically hereinabove, Plaintiff, Marcus Grasty, suffered damages, including but not limited to, embarrassment, mental anguish, emotional distress and/or humiliation and damages to his personal belongings and residence, some of which cannot be replaced and is permanent in nature as such property had a sentimental value to the Plaintiff.

76. That the Defendants engaged in such conduct with the requisite intent to constitute oppression, outrage, malice, fraud, and conscious disregard, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to discourage such conduct in the future.

## COUNT FIVE - TORT OF OUTRAGE

77. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 76, inclusive, as if fully set forth herein.

78. That the conduct of the Defendants constitute the tort of outrage in that the behavior of the Defendants was extreme and outrageous conduct intentionally or recklessly causing severe and emotional distress and harm to the Plaintiff. The conduct of the Defendants is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

79. That as a direct and proximate result of the Defendants' actions, the Plaintiff suffered damages to his personal property and residence and suffered emotional damages, including severe emotional distress and mental anguish.

80. That at the time that the Defendants engaged in this outrageous conduct, the Defendants knew or should have known, that such severe emotional distress was substantially certain to result from their conduct.

81. That the Defendants engaged in such conduct with the requisite intent to constitute oppression, outrage, malice, fraud and conscious disregard, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to discourage such conduct in the future.

## COUNT SIX - RACIAL DISCRIMINATION

82. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 81, inclusive, as if fully set forth herein.

83. That the Defendant officers in executing said warrant and damaging Plaintiff

Marcus Grasty's personal belongings and vandalizing Plaintiff Marcus Grasty's residence, did so motivated by and due to Plaintiff Marcus Grasty's African-American race.

84. That the incident in which the Defendant officers were looking for Maurice McCain, an African-American, occurred at Building 3, Apartment 5 of Plateau Oaks Apartments in which belonged to an individual of the Caucasian race.

85. That the Defendant officers had arrested everyone else connected to Maurice McCain in the area of Building 3, Apartment 5 of Plateau Oaks Apartments.

86. That in executing said warrant on Plaintiff Marcus Grasty's residence and vandalizing Plaintiff's residence, Defendant officers made racial slurs and derogatory comments concerning the Plaintiff.

87. That in discriminating against the Plaintiff Marcus Grasty based upon Plaintiff's race, the Defendants violated Plaintiff's constitutional rights and caused damages to the Plaintiff, including, but not limited to property damages to his residence, violation of Plaintiff's due process rights, emotional distress, humiliation, embarrassment, mental anguish, and damages to his personal belongings, some of which cannot be replaced and is permanent in nature as such property had a sentimental value to the Plaintiff.

88. That the Defendants engaged in such conduct with the requisite intent to constitute oppression, outrage, malice, fraud, and conscious disregard, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to discourage such conduct in the future.

## COUNT SEVEN - CONSTITUTIONAL TORT

89. That the Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 88, inclusive, as if fully set forth herein.

90. That the conduct of the Defendants constitutes a Constitutional Tort.

91. That the conduct of the Defendants herein, violated the Plaintiff's right to the enjoyment of liberty as provided for in Article III, Section 1, 6, and 20 in the United States Constitution.

92. That as a direct and proximate result of the Defendants' actions, the Plaintiff, Marcus Grasty, suffered damages, including the deprivation of his civil rights, property damages, severe emotional distress, embarrassment, humiliation, mental anguish and suffered damages to his personal property in which cannot be replaced.

**WHEREFORE**, due to the above described conduct, the Defendants have directly and proximately caused injury to the Plaintiff and the Plaintiff demands the following relief from the Defendants:

(A) That he be awarded all compensatory and general damages for which the Defendants are liable and to which the Plaintiff is entitled for the damages in which the Defendants caused to Plaintiff's personal property and residence in a fair and just amount to be determined by the jury at trial;

(B) That he be awarded all damages, including, but not limited to, emotional distress, humiliation, mental anguish, embarrassment, and future mental anguish;

(C) Punitive damages in a fair and just amount to be determined by the jury at trial;

(D) Policy Limits of the insurance coverage for the Defendant West Virginia Department of State Police, City of Oak Hill, and City of Oak Hill Police Department;

(E) Pre-judgement and post-judgement interest;

(F) Costs and attorney fees expended in this action; and

(G) Any other further general or specific relief with the Court or the jury deems just and proper. A jury trial is requested.

**MARCUS QUADALE GRASTY**
By Counsel

/s/ Kyle G. Lusk
**KYLE G. LUSK & ASSOCIATES**
**Attorneys at Law**
Kyle G. Lusk (WV State Bar I.D. No.: 2273)
Matthew A. Bradford (WV State Bar I.D. No.: 11323)
220 North Fayette Street
Beckley, WV 25801
(304) 255-5628